IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **IRENE DUNN and DONALD STEELY, on Their Own Behalf and on Behalf of All Other Similarly Situated Persons, and IUE-CWA, AFL-CIO,** | : <br> : <br> : <br> : **CASE NO. 3:14-cv-00195** <br> : <br> Plaintiffs, : <br> : **JUDGE THOMAS M. ROSE** <br> v. : <br> : <br> **EDGEWELL PERSONAL CARE, LLC, f/k/a Energizer Personal Care, LLC, formerly a Division of Energizer Holdings, Inc., as the Plan Sponsor and Administrator of the Hewitt Soap Retiree Medical Insurance Plan,** : <br> : <br> Defendants. : |

**ORDER GRANTING JOINT MOTION TO CERTIFY A CLASS AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Doc. 34)**

This matter is before the Court on the parties' Joint Motion to Certify a Class and Preliminarily Approve Class Action Settlement (the "Joint Motion"). The Joint Motion asks the Court to certify the class set forth in the Second Amended Complaint for settlement purposes only, to approve the class notice procedures, and to preliminarily approve, as fair and reasonable, the proposed Ohio Class Action Settlement Agreement and Release (the "Class Settlement") reached by the parties.

Having reviewed the Second Amended Complaint (the "Complaint"), the Joint Motion, the Class Settlement and proposed notice, the Declaration of Thomas M. Kennedy, and the pertinent papers on file in this action, and for good cause established therein, the Court enters this Order as follows:

1. The Complaint asserts a violation of ERISA on behalf of a class of retired employees who once worked at a facility owned by the Hewitt Soap Company ("Hewitt Soap") – predecessor to Defendant Edgewell Personal Care, LLC ("Edgewell") – and who were covered by collective bargaining agreements between Plaintiff IUE-CWA and Hewitt Soap.

2. On June 18, 2014, Plaintiffs filed the original complaint in this case as a class action, alleging that the Defendants threatened a breach of the collective bargaining agreement by terminating payments made to retirees pursuant to a health insurance benefit plan. After motions to dismiss were filed by Defendants, which were granted in part and denied in part, the parties engaged in settlement discussions to resolve this controversy. When the parties arrived at a settlement agreement, Plaintiffs moved, unopposed, for an extension to file the Complaint, which addressed the Court's decisions on the motions to dismiss.

3. The Class Settlement, and the Complaint which reflected the agreement, identified the following class for certification under Rule 23(a) and (b)(2):

> All participants in the Hewitt Soap Retiree Plan, sponsored by Energizer Personal Care, LLC, or its corporate affiliates, including Energizer Holdings, Inc., Edgewell Personal Care Company, American Safety Razor Company, LLC, or Hewitt Soap Company, Inc., covering retirees from the Dayton, Ohio factory who: (i) had retired from active employment at the Dayton factory on or before October 2003, (ii) were represented by the IUE-CWA, AFL-CIO during their employment at the Dayton factory, and (iii) received medical insurance benefits during their retirement under the collective bargaining agreement after retiring from active employment at the Dayton factory (the "Class").

4. The general terms of the Class Settlement are as follows:

(a) Putative class members who have received any monthly payments of $75 pursuant to the retiree medical cost reimbursement provisions of a collective bargaining agreement at any time on or after January 1, 2013 will be eligible to receive the lump sum amount set forth in the chart below. Defendants shall pay a single lump sum benefit to

each eligible class member in the following amounts depending on their ages as of January 1, 2017:

| AGES | LUMP SUM AMOUNT |
|---|---|
| 85+ | $5,000 |
| 80-84 | $6,000 |
| 75-80 | $8,150 |
| 70-74 | $9,225 |
| <70 | $10,250 |

(b) Putative class members who have not sought or received any medical insurance benefits from the Hewitt Soap Retiree Plan at any time on or after January 1, 2013 will be deemed to have abandoned their claim for benefits from the Hewitt Soap Retiree Plan and will not be entitled to any benefits pursuant to this settlement.

(c) Edgewell will continue to provide to eligible retiree class members who were receiving such reimbursement in 2017 a monthly reimbursement of $75 until the effective date of the settlement agreement, which effective date shall be the later of either: (1) the expiration of the time for filing an appeal from the Court's entry of a final judgment order (31 calendar days from entry of final judgment) if no appeal has been filed as of that date, or (2) if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final judicial approval of the Class Settlement Agreement.

(d) Edgewell shall serve as the administrator of the settlement and provide notice to class members of the settlement agreement.

(e) Class counsel shall be paid by Edgewell an award of attorneys' fees and litigation costs in an amount not to exceed $30,000.

(f) Plaintiffs will seek certification of the Plaintiff Class under Fed. R. Civ. Proc. 23(a) and 23(b)(2) because the Defendants have acted with regard to the Class on grounds that apply generally to the Class. Class Members will be required to accept the proposed settlement terms if approved by the Court and will not be permitted to opt out of the Class Settlement.

(g) The notice sent to Class members shall inform them of the right to object to the settlement, and Class members who wish to have the Court consider their objection will have to file with the Court and mail to counsel for the parties a written objection, including any supporting documentation the objector wishes the Court to consider. If such objection is timely submitted to the Court and overruled by the Court, the objector shall remain fully bound by the terms of the settlement, so long as it is granted final approval by the Court.

(h) Plaintiffs, including all Class members, agree to a release of Defendants, as more specifically set forth in the agreement, and a dismissal of the action.

5. This Court has personal jurisdiction over the settlement class members and subject matter jurisdiction to approve the Class Settlement. This Court finds the Class Settlement agreement to be fair, adequate, and reasonable, and consistent and in compliance with all applicable provisions of the law.

6. For purposes of settlement only, the Court preliminarily finds that the prerequisites of class action certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied for the Class defined above, in that:

(a) the members of the Class are so numerous that joinder of all class members is impracticable;

(b) there are questions of law and fact common to the Class members;

(c) the claims of the named Plaintiffs and Class counsel are typical of the Class's claims;

(d) the named Plaintiffs and Class counsel have fairly and adequately represented and protected the interests of the Class;

(e) the party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

7. For purposes of settlement only, the Court finds that named Plaintiffs Irene Dunn and Donald Steely are certified as Class Representatives for the settlement Class and the law firms of Kennedy, Jennik & Murray, P.C. and Doll, Jansen & Ford are appointed as counsel for the settlement Class.

8. The Court finds the proposed Claim Form and the proposed notice, substantially in the form of Exhibits A and B, respectively, of the settlement agreement, and the notice procedure implemented pursuant to the agreement: (i) constitutes the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to inform all potential settlement class members of their right to object to the proposed Class Settlement agreement and to appear at the final approval hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure.

9. The Court approves Edgewell as the Claims Administrator.

10. The parties and their counsel are hereby directed to implement and consummate this Class Settlement agreement according to its terms and provisions. The Court declares this

Class Settlement agreement to be binding on the settlement class and to have res judicata effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Section III of the Class Settlement (the "Release").

ACCORDINGLY, IT IS ORDERED:

1. The Joint Motion to Certify a Class and Preliminarily Approve Class Action Settlement is GRANTED;

2. Edgewell shall serve notice to the individual Class members, and counsel for Edgewell shall file proof of service with the Court, no later than **July 17, 2017.**

3. Objections must be filed with the Clerk of the Court, postmarked no later than **August 23, 2017.**

4. A fairness hearing is scheduled for **September 12, 2017 at 9:30 AM,** at the Federal Building, Room 910, 200 West Second Street, Dayton, Ohio 45402 before the Honorable Thomas M. Rose.

Dated:  May 22,  2017                                                           *s/Thomas M. Rose

                                                                                              _____
                                                                                              HON. THOMAS M. ROSE
                                                                                              United States District Judge