IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IRENE DUNN and DONALD STEELY, on Their Own Behalf and on Behalf of All Other Similarly Situated Persons, and IUE-CWA, AFL-CIO, <br><br>                    Plaintiffs, <br><br>            v. <br><br>EDGEWELL PERSONAL CARE, LLC, f/k/a Energizer Personal Care, LLC, formerly a Division of Energizer Holdings, Inc., as the Plan Sponsor and Administrator of the Hewitt Soap Retiree Medical Insurance Plan, <br><br>                    Defendants. | CASE NO. 3:14-cv-00195 <br><br> JUDGE THOMAS M. ROSE |

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### A.  INTRODUCTION

Plaintiffs filed this class action under Federal Rules of Civil Procedure 23(a) and (b)(2) and hereby move for final approval of the class action settlement agreement (the "Class Settlement") reached by the parties on or about January 4, 2017.

On April 7, 2017, Plaintiffs filed a Second Amended Complaint (Doc. No. 33). On May 19, 2017, the parties filed a Joint Motion to Certify a Class and Preliminarily Approve Class Action Settlement (the "Preliminary Approval Motion," Doc. No. 34). The Court issued an Order Granting Joint Motion to Certify a Class and Preliminary Approval of Class Action Settlement on May 22, 2017 (the "Preliminary Approval Order," Doc. No. 35). Pursuant to the terms of the Class Settlement, class counsel is to file a motion requesting that the Court grant final approval of the settlement agreement.

B. **THE PRELIMINARY APPROVAL ORDER**

In the Preliminary Approval Order, the Court determined and found as follows:

1. This Court has personal jurisdiction over the settlement class members and subject matter jurisdiction to approve the Class Settlement.

2. The class action complaint asserts a violation of ERISA on behalf of a class of retired employees who once worked at a facility owned by the Hewitt Soap Company ("Hewitt Soap") – predecessor to Defendant Edgewell Personal Care, LLC ("Edgewell") – and who were covered by collective bargaining agreements between Plaintiff IUE-CWA, AFL-CIO and Hewitt Soap.

3. On June 18, 2014, Plaintiffs filed the original complaint in this case as a class action, alleging that the Defendants threatened a breach of the collective bargaining agreement by terminating payments made to retirees pursuant to a health insurance benefit plan. After Defendants' motions to dismiss were granted in part and denied in part, the parties engaged in settlement discussions to resolve this controversy. When the parties arrived at a settlement agreement, Plaintiffs moved, unopposed, for an extension to file the amended complaint, which addressed the Court's decisions on the motions to dismiss.

4. The Class Settlement, and the amended complaint that reflected the terms of the agreement, identified the following class for certification under Rule 23(a) and (b)(2):

> All participants in the Hewitt Soap Retiree Plan, sponsored by Energizer Personal Care, LLC, or its corporate affiliates, including Energizer Holdings, Inc., Edgewell Personal Care Company, American Safety Razor Company, LLC, or Hewitt Soap Company, Inc., covering retirees from the Dayton, Ohio factory who: (i) had retired from active employment at the Dayton factory on or before October 2003, (ii) were represented by the IUE-CWA, AFL-CIO during their employment at the Dayton factory, and (iii) received medical insurance benefits during their retirement under the collective bargaining agreement after retiring from active employment at the Dayton factory (the "Class").

2

5. The general terms of the Class Settlement are as follows:

   (a) Putative class members who have received any monthly payments of $75 pursuant to the retiree medical cost reimbursement provisions of a collective bargaining agreement at any time on or after January 1, 2013 will be eligible to receive the lump sum amount set forth in the chart below. Defendants shall pay a single lump sum benefit to each eligible class member in the following amounts depending on their ages as of January 1, 2017:

   | AGES | LUMP SUM AMOUNT |
   |---|---|
   | 85+ | $5,000 |
   | 80-84 | $6,000 |
   | 75-80 | $8,150 |
   | 70-74 | $9,225 |
   | <70 | $10,250 |

   (b) Putative class members who have not sought or received any medical insurance benefits from the Hewitt Soap Retiree Plan at any time on or after January 1, 2013 will be deemed to have abandoned their claim for benefits from the Hewitt Soap Retiree Plan and will not be entitled to any benefits pursuant to this settlement.

   (c) Edgewell will continue to provide to eligible retiree class members who were receiving such reimbursement in 2017 a monthly reimbursement of $75 until the effective date of the settlement agreement, which effective date shall be the later of either: (1) the expiration of the time for filing an appeal from the Court's entry of a final judgment order (31 calendar days

3

from entry of final judgment) if no appeal has been filed as of that date, or (2) if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final judicial approval of the Class Settlement agreement.

(d) Edgewell shall serve as the administrator of the settlement and provide notice to class members of the settlement agreement.

(e) Class counsel shall be paid by Edgewell an award of attorneys' fees and litigation costs in an amount not to exceed $30,000.

(f) Plaintiffs will seek certification of the Plaintiff Class under Fed. R. Civ. Proc. 23(a) and 23(b)(2) because the Defendants have acted with regard to the Class on grounds that apply generally to the Class. Class Members will be required to accept the proposed settlement terms if approved by the Court and will not be permitted to opt out of the Class Settlement.

(g) The notice sent to Class members shall inform them of the right to object to the settlement, and Class members who wish to have the Court consider their objection will have to file with the Court and mail to counsel for the parties a written objection, including any supporting documentation the objector wishes the Court to consider. If such objection is timely submitted to the Court and overruled by the Court, the objector shall remain fully bound by the terms of the settlement, so long as it is granted final approval by the Court.

    (h) Plaintiffs, including all Class members, agree to a release of Defendants, as more specifically set forth in the Class Settlement, and a dismissal of the action.

  6.  The Class Settlement agreement is fair, adequate, and reasonable, and consistent and in compliance with all applicable provisions of the law.

  7.  The prerequisites of class action certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied for the Class defined above, in that:

    (a) the members of the Class are so numerous that joinder of all class members is impracticable;

    (b) there are questions of law and fact common to the Class members;

    (c) the claims of the named Plaintiffs and Class counsel are typical of the Class's claims;

    (d) the named Plaintiffs and Class counsel have fairly and adequately represented and protected the interests of the Class;

    (e) the party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

  8.  The named Plaintiffs Irene Dunn and Donald Steely are certified as Class Representatives for the settlement Class and the law firms of Kennedy, Jennik & Murray, P.C. and Doll, Jansen & Ford are appointed as counsel for the settlement Class.

  9.  The Claim Form with the notice and notice procedure set forth in the Class Settlement: (i) constitutes the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to inform all potential settlement class members of their

right to object to the proposed Class Settlement agreement and to appear at the final approval hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure.

10. The Class Settlement agreement shall be binding on the settlement class and have res judicata effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Section III of the Class Settlement.

### C. **OBJECTIONS**

The Preliminary Approval Order set forth that any objections to the proposed Class Settlement were to be sent to the Court no later than August 23, 2017. There have been no objections to the Class Settlement filed.

### D. **CONCLUSION**

For the reasons above, the Plaintiffs respectfully request that this Court:

1) enter an order of final approval of the Class Settlement, setting forth in the final approval the determinations and findings set forth above in Section B and established in the May 22, 2017 Preliminary Approval Order;

2) direct the parties and their counsel to implement and consummate the Class Settlement agreement according to its terms and provisions;

3) incorporate in the final approval order the release set forth in Section III of the Class Settlement without affecting the finality of this final approval for purposes of an appeal;

4) award $30,000 in attorneys' fees to class counsel;

5) dismiss this class action on the merits and with prejudice with respect to the Edgewell Defendants;

6

6) retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Class Settlement and the final approval order, and for any other necessary purpose, and;

7) incorporate any other provisions the Court deems necessary and just.

Respectfully submitted,

KENNEDY, JENNIK & MURRAY, P.C.

DOLL, JANSEN & FORD

Thomas M. Kennedy (*pro hac vice*)
Susan M. Jennik (*pro hac vice*)
Serge Ambroise
113 University Place
New York, New York 10003
(212) 358-1500 (phone)
(212) 358-0207 (facsimile)
tkennedy@kjmlabor.com
sjennik@kjmlabor.com
sambroise@kjmlabor.com

/s/ *Julie C. Ford*
Julie C. Ford – 0040896, Trial Attorney
111 West First St., Suite 1100
Dayton, Ohio 45402-1156
(937) 461-5310 (phone)
(937) 461-7219 (facsimile)
jford@djflawfirm.com

*Attorneys for Class Representatives and IUE-CWA*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 7, 2017, the foregoing was filed through the Court's Electronic Case Filing system, which will send notification of such filing to the following Counsel for the Defendant:

Daniel Jerome Gentry, Esq.
Coolidge Wall Co., L.P.A.
33 West First Street
Dayton, OH 45402-1289
Tel: 937-2238177
Fax: 937-223-6705
gentry@coollaw.com

Carrie Byrnes, Esq.
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315
Tel: 312-602-5063
Fax: 312-698-7463
carrie.byrnes@bryancave.com

Darci F. Madden, Esq.
Jeffrey S. Russell, Esq.
Bryan Cave LLP
One Metropolitan Square
221 North Broadway, Suite 3600
St. Louis, MO 63102
Tel: 314-259-2366
Fax: 314-552-8366
dfmadden@bryancave.com
jsrussell@bryancave.com

        /s/ *Julie C. Ford*
Julie C. Ford