IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IRENE DUNN and DONALD STEELY, on Their Own Behalf and on Behalf of All Other Similarly Situated Persons, and IUE-CWA, AFL-CIO, <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>EDGEWELL PERSONAL CARE, LLC, f/k/a Energizer Personal Care, LLC, formerly a Division of Energizer Holdings, Inc., as the Plan Sponsor and Administrator of the Hewitt Soap Retiree Medical Insurance Plan, <br><br>　　　　　　Defendants. | CASE NO. 3:14-cv-00195 <br><br> JUDGE THOMAS M. ROSE |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

Plaintiffs filed this class action under Federal Rules of Civil Procedure 23(a) and (b)(2). A class action settlement agreement (the "Class Settlement") was reached by the parties on or about January 4, 2017. On April 7, 2017, Plaintiffs filed a Second Amended Complaint (Doc. No. 33). On May 19, 2017, the parties filed a Joint Motion to Certify a Class and Preliminarily Approve Class Action Settlement (the "Preliminary Approval Motion," Doc. No. 34). The Court issued an Order Granting Joint Motion to Certify a Class and Preliminary Approval of Class Action Settlement on May 22, 2017 (the "Preliminary Approval Order," Doc. No. 35). The Preliminary Approval Order set forth that any objections to the proposed Class Settlement were to be sent to the Court no later than August 23, 2017.

Receiving no objection to the Class Settlement, the Court finds as follows:

1

1. This Court has personal jurisdiction over the settlement class members and subject matter jurisdiction to approve the Class Settlement.

2. The class action complaint asserts a violation of ERISA on behalf of a class of retired employees who once worked at a facility owned by the Hewitt Soap Company ("Hewitt Soap")—predecessor to Defendant Edgewell Personal Care, LLC ("Edgewell")—and who were covered by collective bargaining agreements between Plaintiff IUE-CWA, AFL-CIO and Hewitt Soap.

3. The Class Settlement identifies the following class for certification under Rule 23(a) and (b)(2):

> All participants in the Hewitt Soap Retiree Plan, sponsored by Energizer Personal Care, LLC, or its corporate affiliates, including Energizer Holdings, Inc., Edgewell Personal Care Company, American Safety Razor Company, LLC, or Hewitt Soap Company, Inc., covering retirees from the Dayton, Ohio factory who: (i) had retired from active employment at the Dayton factory on or before October 2003, (ii) were represented by the IUE-CWA, AFL-CIO during their employment at the Dayton factory, and (iii) received medical insurance benefits during their retirement under the collective bargaining agreement after retiring from active employment at the Dayton factory (the "Class").

4. The general terms of the Class Settlement are as follows:

    (a) Putative class members who have received any monthly payments of $75 pursuant to the retiree medical cost reimbursement provisions of a collective bargaining agreement at any time on or after January 1, 2013 will be eligible to receive the lump sum amount set forth in the chart below. Defendants shall pay a single lump sum benefit to each eligible class member in the following amounts depending on their ages as of January 1, 2017:

| AGES | LUMP SUM AMOUNT |
|---|---|
| 85+ | $5,000 |
| 80-84 | $6,000 |
| 75-80 | $8,150 |
| 70-74 | $9,225 |
| <70 | $10,250 |

(b) Putative class members who have not sought or received any medical insurance benefits from the Hewitt Soap Retiree Plan at any time on or after January 1, 2013 will be deemed to have abandoned their claim for benefits from the Hewitt Soap Retiree Plan and will not be entitled to any benefits pursuant to this settlement.

(c) Edgewell will continue to provide to eligible retiree class members who were receiving such reimbursement in 2017 a monthly reimbursement of $75 until the effective date of the settlement agreement, which effective date shall be the later of either: (1) the expiration of the time for filing an appeal from the Court's entry of a final judgment order (31 calendar days from entry of final judgment) if no appeal has been filed as of that date, or (2) if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final judicial approval of the Class Settlement agreement.

(d) Edgewell shall serve as the administrator of the settlement and provide notice to class members of the settlement agreement.

(e) Class counsel shall be paid by Edgewell an award of attorneys' fees and litigation costs in an amount not to exceed $30,000.

3

    (f) The Defendants have acted with regard to the Class on grounds that apply generally to the Class. Class Members shall accept the proposed settlement terms and will not be permitted to opt out of the Class Settlement.

    (g) The notice sent to Class members informed them of the right to object to the settlement, and Class members who wished to have the Court consider their objection had the opportunity to file with the Court and mail to counsel for the parties written objections to the Class Settlement.

    (h) Plaintiffs, including all Class members, agree to a release of Defendants, as more specifically set forth in the Class Settlement, and a dismissal of the action.

5.     The Class Settlement agreement is fair, adequate, and reasonable, and consistent and in compliance with all applicable provisions of the law.

6.     The prerequisites of class action certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied for the Class defined above, in that:

    (a) the members of the Class are so numerous that joinder of all class members is impracticable;

    (b) there are questions of law and fact common to the Class members;

    (c) the claims of the named Plaintiffs and Class counsel are typical of the Class's claims;

    (d) the named Plaintiffs and Class counsel have fairly and adequately represented and protected the interests of the Class;

    (e) the party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

7. The named Plaintiffs Irene Dunn and Donald Steely are certified as Class Representatives for the settlement Class and the law firms of Kennedy, Jennik & Murray, P.C. and Doll, Jansen & Ford are appointed as counsel for the settlement Class.

8. The Claim Form and the notice and the notice procedure set forth in the Class Settlement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to inform all potential settlement class members of their right to object to the proposed Class Settlement agreement and to appear at the final approval hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure. As detailed in the Affidavit of Emily Harwell of Edgewell Personal Care LLC (previously filed at Docket Number 36), notice was given to class members in accordance with the procedures set forth in the Class Settlement.

9. The Class Settlement agreement shall be binding on the settlement class and have res judicata effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Section III of the Class Settlement.

THEREFORE, it appearing that no other or further notice is required; and after due deliberation and sufficient cause appearing, it is

ORDERED, that the parties and their counsel implement and consummate the Class Settlement agreement according to its terms and provisions, and it is further

5

ORDERED, that the release set forth in Section III of the Class Settlement not affect the finality of this final approval for purposes of an appeal, and it is further

ORDERED, that class counsel be awarded $30,000 in attorneys' fees, and it is further

ORDERED, that this class action be dismissed on the merits and with prejudice with respect to the Edgewell Defendants, and it is further

ORDERED, that this Court retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Class Settlement and the final approval order, and for any other necessary purpose.

Dated:   September 12, 2017                    *s/Thomas M. Rose

                                               HONORABLE THOMAS M. ROSE
                                               SENIOR UNITED STATES
                                               DISTRICT JUDGE